UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| TRI-CITY COMMUNITY ACTION PROGRAM, INC., | * * | Chapter 11 Case |
| | * | No. 15-11569-JNF |
| Debtor. | * | |
| | * | |
| TRI-CITY COMMUNITY ACTION PROGRAM, INC., | * * | |
| Plaintiff | * | Adversary Proceeding |
| | * | No. 17-01035-JNF |
| Vs. | * | |
| | * | |
| PHILIP BRONDER-GIROUX, and ANN HOWSER, | * * | |
| Defendants | * | |
| | * | |

**ANSWER OF THE DEFENDANT ANNE HOWSER TO PLAINTIFF'S COMPLAINT**

The Defendant, Anne Howser (misnamed in this action as Ann Howser), hereby responds to the Complaint in this matter as follows:

*Parties*

1. The Defendant Howser is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 1 of the Complaint.

2. The Defendant Howser is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 2 of the Complaint.

3. The Defendant Howser admits that, at material times hereto, Bronder-Giroux held the title of Executive Director of Tri-City Community Action Program, Inc. and was an officer and/or a director of same; the Defendant Howser is without knowledge or

      information sufficient to either admit or deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.     The Defendant Howser admits the allegations contained in Paragraph 4 of the Complaint.

### *Jurisdiction and Venue*

5.     The Defendant Howser states that the allegation in Paragraph 5 of the Complaint is a statement of law as to which no response is required on the part of the Defendant Howser.

6.     The Defendant Howser states that the allegation in Paragraph 6 of the Complaint is a statement of law as to which no response is required on the part of the Defendant Howser.

### *Allegations Applicable to All Counts*

7.     The Defendant Howser admits that Tri-City Community Action Program, Inc. was, at material times hereto, a non-profit corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 110 Pleasant Street, Malden, MA.

8.     The Defendant Howser admits the allegations contained in Paragraph 8 of the Complaint.

9.     The Defendant Howser admits the allegations contained in Paragraph 9 of the Complaint but states that she is without knowledge or information as to whether Tri-City Community Action Program, Inc. currently owns the property located at 22 Charles Street, Malden, MA, and 115 Washington Street, Malden, MA.

10.    The Defendant Howser admits the allegations contained in Paragraph 10 of the Complaint, noting that the Head Start programs were funded directly by the U.S. Department of Health and Human Services.

11. The Defendant Howser states, upon information and belief, that federal and state grants were generally restricted, some corporate donations were restricted, and private donation were usually unrestricted.

12. The Defendant Howser states that she was laid off by Tri-City Community Action Program, Inc. in or about March 2014 and she denies the allegation, contained in the first sentence of Paragraph 12, that the financial reporting "reflected that the Debtor's various programs were at least break-even." Further responding, the Defendant Howser is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. The Defendant Howser is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. The Defendant Howser denies that the energy programs "consistently operated at only a break-even basis throughout" and denies the allegations concerning "incurring additional debt on the strength of its energy programs" and the alleged "siphon[ing] [of] significant amounts of restricted funds from its energy programs." The Defendant Howser is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. The Defendant Howser is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 15 of the Complaint.

16. The Defendant Howser denies the allegations contained in Paragraph 16 of the Complaint.

17. The Defendant Howser is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 17 of the Complaint.

18. The Defendant Howser denies the allegations contained in Paragraph 18 of the Complaint.

## *Count I*
## *(Debtor v. Bronder-Giroux)*
## *Breach of Fiduciary Duties*

The Defendant Howser states that Paragraphs 19 through 34 of the Complaint do not relate to her and, therefore, do not require a response. To the extent Count I contains allegations, either express or implied, against the Defendant Howser, the Defendant Howser denies same.

## *Count II*
## *(Debtor v. Howser)*
## *Breach of Fiduciary Duties*

35. The Defendant Howser restates her answers to Paragraphs 1 through 34 of the Complaint as if fully set out herein and expressly makes them a part of her answer to Count II.

36. The Defendant Howser admits that she was an officer, serving as Comptroller, of Tri-City Community Action Program, Inc. The Defendant Howser states that the remaining allegations contained in Paragraph 36 constitute a conclusion of law as to which no response is required on the part of the Defendant Howser.

37. The Defendant Howser denies the allegations contained in Paragraph 37 of the Complaint.

38. The Defendant Howser denies the allegations contained in Paragraph 38 of the Complaint.

39. The Defendant Howser denies the allegations contained in Paragraph 39 of the Complaint.

40. The Defendant Howser denies the allegations contained in Paragraph 40 of the Complaint.

41. The Defendant Howser denies the allegations contained in Paragraph 41 of the Complaint.

42. The Defendant Howser denies the allegations contained in Paragraph 42 of the Complaint.

43. The Defendant Howser denies the allegations contained in Paragraph 43 of the Complaint.

44. The Defendant Howser denies the allegations contained in Paragraph 44 of the Complaint.

45. The Defendant Howser denies the allegations contained in Paragraph 45 of the Complaint.

46. The Defendant Howser denies the allegations contained in Paragraph 46 of the Complaint.

47. The Defendant Howser denies the allegations contained in Paragraph 47 of the Complaint.

48. The Defendant Howser denies the allegations contained in Paragraph 48 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Defendant Howser states that the Complaint was not commenced within the applicable statute of limitations.

2. The Defendant Howser states that if the Plaintiff suffered damages, allegations which the Defendant Howser in no way admits but specifically denies, said damages were the result of some act or omission of some third party or parties, over whom the Defendant Howser exercised no control and for whom the Defendant Howser was not legally responsible.

3. The Defendant Howser states that if the Plaintiff suffered damages, allegations which the Defendant Howser in no way admits but specifically denies, said damages were not proximately caused as the result of any act or omission on the part of the Defendant Howser.

4. The Defendant Howser states that, at all times material hereto, she acted in good faith, exercised reasonable business judgment, and acted in compliance with M.G.L. c. 180, §6C.

5. The Defendant Howser states that the complaint fails to state a claim on which relief can be granted as against the Defendant Howser.

WHEREFORE, the Defendant Howser demands judgment in her favor, all costs to the Plaintiff.

6. There has been a misnomer of Anne Howser as Ann Howser.

### *Jury Claim*

The Defendant Howser demands a trial by jury on all counts and issues so triable.

Respectfully submitted,

The Defendant,
ANNE HOWSER
By Her Attorney,

*/s/ J. William Chamberlain, Jr.*
J. William Chamberlain, Jr. (BBO # 632784)
BChamberlain@LynchLynch.com
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
(508) 230-2500

6

## **CERTIFICATE OF SERVICE**

I hereby certify that this document *Answer of the Defendant Anne Howser to Plaintiff's Complaint* filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 26th day of May, 2017.


Kate E. Nicholson, Esq.
Nicholson Herrick LLP
21 Bishop Allen Drive
Cambridge, MA 02139
Knicholson@nicholsonherrick.com

Jesse I. Redlener, Esq.
Ascendant Law Group
4 High Street, Suite 128
North Andover, MA  01845
jredlener@ascendantlawgroup.com

Matthew A. Kane, Esq.
Laredo & Smith, LLP
101 Federal Street, Suite 650
Boston, MA  02110
kane@laredosmith.com


                                           */s/ J. William Chamberlain, Jr.*
                                           J. William Chamberlain, Jr.