# UNITED STATES BANKRUPTCY COURT, DISTRICT OF MASSACHUSETTS
## Proceeding Memorandum/Order of Court

In Re: Tri-City Community Action Program, Inc. v. Bronder-Giroux et al          Case Number: 17-01035          Ch:

**MOVANT/APPLICANT/PARTIES:**

#31 Motion of Plaintiff Tri-City Community Action Program, Inc. to Amend Complaint (Jesse Redlener)
#33 Opposition of Defendant Anne Howser (John Chamberlain)
#35 Opposition of Defendant Philip Bronder-Giroux (Matthew Kane)

**OUTCOME:**

_____Granted #31 __Denied_____Approved_____Sustained
_____Denied_____Denied without prejudice_____Withdrawn in open court_____Overruled
_____OSC enforced/released
_____Continued to:_____For:_____
_____Formal order/stipulation to be submitted by:_____Date due:_____
_____Findings and conclusions dictated at close of hearing incorporated by reference
_____Taken under advisement: Brief(s) due_____From_____
                              Response(s) due_____From_____
_____Fees allowed in the amount of: $_____Expenses of: $_____
_____No appearance/response by:_____
  x  _____DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Upon consideration of

1) the Plaintiff's Motion to Amend Complaint through which it seeks to add two counts for "deepening insolvency" to its existing two-count Complaint; 2) the Opposition of Defendant Anne Howser; 3) the Opposition of Defendant Philip Bronder-Giroux; 4) the Plaintiff's Amended Complaint filed on April 26, 2017; 5) the Plaintiff's proposed First Amended Complaint; 6) the Defendants' Answers to the existing Amended Complaint; 7) the Court's Scheduling Order dated May 30, 2017 and deadlines set forth therein; 8) the entire record of proceedings in this adversary proceeding; 9) the absence of decisions in state and federal courts in Massachusetts recognizing deepening insolvency as a separate cause of action or as a measure of damages apart from other claims for relief, such as claims for breach of fiduciary duty, which the Plaintiff has pled in its existing Amended Complaint; 10) the Plaintiff's failure to further amend its Amended Complaint by the deadline set forth in the Scheduling Order, as well as its failure to seek an extension of time within which to amend its Complaint prior to the expiration of the deadline; and 11) the 22 month period within which this adversary proceeding has been pending,

Now, therefore, the Court denies the Plaintiff's Motion to Amend Complaint.  The parties shall file their Joint Pretrial Memorandum in accordance with the Scheduling Order by April 26, 2019.

IT IS SO NOTED:                                   IT IS SO ORDERED;

                                                  _[signature: Joan N. Feeney]_   Dated: 02/20/2019
_____                    _____
Courtroom Deputy                                  Joan N. Feeney, U.S. Bankruptcy Judge